# BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP
ATTORNEYS AT LAW

NEW YORK • CALIFORNIA • LOUISIANA • ILLINOIS

Mark Lebovitch
mark@blbglaw.com
212-554-1519

November 28, 2016

**VIA ECF**

The Honorable Katherine P. Failla
United States District Court
Southern District of New York
40 Foley Square, Room 2103
New York, NY 10007

Re: *Norman Roberts v. Navios Maritime Holdings, Inc. et al.*, No. 1:16-cv-07860 (KPF) (S.D.N.Y. Oct. 7, 2016)

Dear Judge Failla:

We represent Norman Roberts, the plaintiff in the above-captioned shareholder class action (the "Action"). We write to update the Court on recent actions undertaken by the Defendants that have provided Plaintiff and the alleged Class the full relief they were seeking through the litigation. Accordingly, upon resolution of Plaintiff's anticipated motion for an award of attorneys' fees for Plaintiff's Counsel, this Action will be dismissed without prejudice.

As brief background, Plaintiff commenced this Action on October 7, 2016, challenging Navios Maritime Holdings Inc.'s ("Navios" or the "Company") exchange offers and consent solicitations (the "Exchange Offers and Consent Solicitations") for the Company's Series G and Series H preferred American Depository Shares ("ADS"). Navios was offering $5.85 in cash or 4.77 shares of common stock per Series G ADS and $5.75 in cash or 4.69 shares of common stock for the Series H ADS in the Exchange Offers. Critically, Navios took the position that those who tendered were deemed to vote in favor of the Consent Solicitation, which, if passed, would strip the ADS of virtually all of their pre-existing protections.

Plaintiff alleged that the Exchange Offers and Consent Solicitations were coercive and a breach of the certificates of designation governing the preferred ADS (the "Certificates of Designation"), because investors who did not want to tender their shares faced the threat of losing their valuable rights and protections if two-thirds of their fellow ADS holders tendered their ADS. Because the Company deemed the act of tendering to constitute consent to amend the terms of the Certificates of Designation, investors in the ADS faced the unfair choice between accepting an inadequate price for their preferred securities, or being left with effectively worthless securities.

The Exchange Offers and Consent Solicitations were originally set to expire on October 17, 2016. Plaintiff filed this Action on October 7, 2016. The essence of the Action was to restore choice for investors. Whether or not they tendered, they would be eligible to participate in a claim for monetary damages against Navios, its dominant stockholder and CEO Angeliki Frangou, and its board of directors (which had proposed the inadequate and coercive Exchange Offers and Consent Solicitations), in the event the Exchange Offers and Consent Solicitations succeeded. Thus, through this litigation, investors achieved a viable alternative to succumbing to the Board's coercion. On October 18, 2016, Navios announced that it had not received the requisite number of tenders, extended the expiration date of the Exchange Offers and Consent Solicitations to October 31, 2016, and increased the consideration offered to Series G and Series H ADS holders to $7.18 and $7.06 respectively (with corresponding increases to the stock consideration options).

On November 1, 2016, Navios announced that, yet again, less than the requisite two-thirds of the outstanding ADS had been tendered, and thus the Company could not amend the Certificates of Designation to strip the ADS holders' rights. At this point, the Company extended the expiration date of the Exchange Offers until November 7, 2016 and, most importantly, announced that it was terminating the Consent Solicitations. Thus, ADS holders were free to decide whether to accept the consideration offered by Navios without the threat of losing their rights as preferred stockholders if they choose not to tender. The Exchange Offers closed on November 7, 2016. The Company acquired only 27% of the outstanding Series G ADS and 40% of the outstanding Series H ADS. Since the defeat of the Exchange Offers and Consent Solicitations, the Series G and H ADS have closed at prices as high as $9.19 and $8.89 respectively, representing respective 57% and 55% increases from the original prices offered by Navios before Plaintiff filed suit.

The parties agree that, as a result of the Company's decision to terminate the Consent Solicitation, Plaintiff's claims in this Action are moot. Plaintiff intends to make an application to the Court (which application Defendants reserve the right to oppose) to approve an award of attorneys' fees based on the benefit that Plaintiff believes this lawsuit provided to the holders of Series G and Series H ADS.

The parties have conferred and agreed upon the following briefing schedule, subject to the approval of the Court: (i) Plaintiff will submit his opening brief on or before January 10, 2017; (ii) Navios will submit its opposition brief on or before February 3, 2017; and (iii) Plaintiff will submit his reply brief on or before February 17, 2017. The parties request that the Court schedule a date for oral argument shortly after February 17, 2017. Once the Court sets a date for oral argument, the parties will submit a scheduling stipulation memorializing these dates. At this time, the parties anticipate formal discovery will not be necessary. However, in the event a need for such discovery arises, the parties will promptly confer and inform the Court regarding any proposed adjustments to the schedule set forth above.

We are available if the Court has any questions.

Respectfully,

Mark Lebovitch

cc: Israel David, Esq.
Fried, Frank, Harris, Shriver & Jacobson LLP